In re Rodriguez, Larry Rothman, Council for Appalee Local Management Group, M. Jonathan Hayes, Council for Appalee, Bianca Nicole Rodriguez. Good morning, your honors. I'd like to reserve five minutes. Tell us who you are. Oh, I'm sorry. I should. Famous as you may otherwise be. Yes. I'm Larry Rothman. Okay. Nice to see you. Nice. Nice to see all of you. Five minutes. You're reserving five? I'm reserving five minutes, and I represent Locali. Okay. Thank you. May it please the court. This appeal turns on a single legal error that shaped the bankruptcy court's ruling. The court applied the wrong definition of finality under California law when it interpreted section 362B.22. The unlawful detainer judgment was final under California law. Mr. Rothman, let me just go through the chronology and make sure that we're on the same page. Okay. Okay. Let me go through these points. March 14th, 2025, the state court issued the writ of possession. Correct. On March 26th, 2025, the state court ordered the lockout stayed until it issued another order. Correct. Correct. On April 2, 2025, Ms. Rodriguez filed her bankruptcy petition. Correct. On April 3, 2025, the state court entered an order lifting its stay. Correct. The landlord filed a motion for retroactive relief from the stay in June of 2025. Correct. The motion for retroactive relief from stay was denied by the bankruptcy court. That's also correct. Okay. With that factual situation, on April 2, 2025, did the landlord have a judgment that it could use on that day to take possession of the property? Yes. Yes. It had finality. Okay. What I'm concerned about is that that judgment was stayed, so on that day, was there a judgment that would allow the landlord to take possession of the property? Yes. Even though it was stayed, it was a final judgment. It was a final judgment because she had ... Let me explain the reason it was a final judgment. The only way that it would not be a final judgment would be if a writ would be taken up, as I've explained in my brief, and the writ, in fact, was taken up and then denied, as it was explained in the brief, under California law. Because of that, the judgment is final under California law. Okay, so the distinction here is that it was final, but it was not enforceable on that day. It was final and enforceable. But how could it be enforced if it was stayed? Again, I'm talking about on April 2nd, because the state court didn't release its stay until April 3rd. It was a ... I see what you're saying, but under ... Okay. Can I ... I'm sorry, you finish and then I have a question for you. Finish your sentence and then I have a question for you, too. Okay. The judgment is final for enforceability purposes at the time that the judgment for possession is entered. It can be enforceable for purposes of possession at that time. Well, let me ask a question. The judge stayed that order for some reason, right? Correct. And I could be ... Judge Corbett has the timeline way better than I do, so you're about to correct me here, I suspect. There was an argument by the debtor that she had not received papers and therefore the default was erroneous, right? Correct. Okay. Was that the basis for the stay or was there some other basis for the stay? No. You're correct. So the basis for the stay was I may change my mind, right? The judge stayed the order on the theory that if I agree with the debtor here, maybe we need to have another hearing. Is that fair or not? That is fair. But it's wrong somehow. You're about to tell me why it's wrong. No. No, I'm saying you are correct and that is fair. Okay. I'll give you the counterexample. We've actually talked about this. It's one thing if the judge says, you know, it's Christmas Eve. I'm going to stay this order for a couple of days, not because I'm wrong because I don't want to make you move out, but when a judge says, I'm staying this order because I may be convinced I made a mistake, isn't that, I mean, that has a lot of consequences, doesn't it? It has a lot of consequences but still reverts back to the original date of the order being final. It still reverts back to the original order because that order is final at the time of the judgment for possession. Okay. So is this analogous to a rule in New California that the finality is determined by the issuance of a judgment and that changes the status quo, which might be a different rule in the federal system? Is that what you're saying? Absolutely. Okay. I get it. I mean, I don't know. And I tell you, I don't like to say, well, I feel very strongly about a particular argument. You can. But I do feel very strongly about this. And I go by N. Ray Pearl. That's what I really base my argument on. And interestingly enough, N. Ray Smith, who was the attorney in N. Ray Smith, just happened to be coincidentally the same attorney who was representing my client in this case, who was the attorney in N. Ray Smith also. And followed N. Ray Smith, which he probably shouldn't have done. But it's a small family. But anyway, I think the law is very clear. And I try to, maybe not as eloquently as I could have, but I try to make as specifically and as clear and as precise as I could to show clearly that under California law, the date of possession is final. And the only thing that could interrupt that at all, the only thing, is a successful writ of mandate. And that was denied. Can I suggest something else? I mean, the writ would be a different remedy and a quicker remedy than just proceeding up an appellate ladder, right? Correct. And the whole point of this is that we want fairly expeditious relief for landlords, right? Why isn't the judge saying, well, wait a minute, I'm going to pause all this. I might take a day or two or three to figure out if I made a mistake. I mean, that's not, that doesn't raise the same problem, does it? What you're trying to argue is a writ is better than an appeal because at least it's quick and expeditious, right? And it directs the court to do a thing as opposed to we'll take it under submission for a few years. But if the judge himself or herself says, well, I'm not so sure I didn't make a mistake here. I want to think about it for a day or two. Why is that? I mean, why doesn't that vitiate finality? Your suggestions are very logical, but that's contrary to what the way the statutory California law makeup is. Under statutory California law, they only, and I try to put that as clearly and I probably failed at it. But I try to show clearly under the statutory rules of judgments for possession under the brief. Once a judgment for possession is final, it's final upon the clerk signing the judgment. And the only thing that can stop possession is that writ. That's it. It would have been better if we had a little more clarity from the state court on this. Of course. I agree with you. I totally agree with you. Judge Lafferty talked about the situation as the Christmas Eve relief from stay motion. The order says I'm granting relief from stay. You can proceed with your foreclosure. However, I don't want you to be able to do it until January 2nd. That order, the judge is not inviting anybody to come back and look at it. OK, if you had a judgment for possession that the state court vacated. So I'm vacating that so that, you know, it's it's null and void. It's no longer there. I'm going to have a hearing. Then you would have a problem, correct? No, no problem. And the reason I would have no problem would be this. Whenever I do relief from stays. OK, now I'm talking about the state court. I'm thinking distinguishing it between the position where, yes, you're going to be able to take possession. Let's go back to the state court. The order is you're going to be able to take possession, but I don't. I'm going to stay it for a week to give them time to move out. OK, that's one. Another over here in the timeline, one saying, OK, I issued a judgment for possession. But I want to revisit this thing. So I'm vacating it. And and so that's a different one. What we have here with this state court, they didn't they didn't make it clear that they're vacating it. They didn't make it clear that the landlord could, in fact, proceed with the writ of possession. These are apples and oranges. It's a combination of apples and oranges because a state judge has the right to under 1179. I think that's 1179 of the CCP to go ahead and alter a lockout date. That's different. Altering a lockout date under 1179 is different than the statutory precision of when a judgment's final. But did the state court also have the ability to vacate the order?  So unless there's a unless there's a defect and unless there's a motion to set aside the judgment, which is granted. But that didn't happen in this case. And also, I want to go back to to Judge Lafferty's example, if I could, may I may go back to because I like his example. I think it's important. I think, in fact, I really like his example. OK, in a relief from state. Now we have to publish this. OK. I really like your example for this reason.  In a relief from state. And I guess maybe luckily I haven't had too many of these. But in the relief from state, the court has a discretion of saying, OK, I grant the relief from state, but I'm going to put in there that there's no lockout. Or I just won't waive the 14 days. Right. For one thing. Or not only the not even the waiving lockout, but it says they want an extra five days. I'll put that in. I have my discretion to do that. OK. That doesn't even touch upon the finality argument because the bankruptcy has a specific right to do that. The bankruptcy court has a specific right under the law to use its own discretion in circumstances based upon the equities. I'll just point out you're well within your five. I mean, this is a very good discussion, but just you're down to two. Oh, I'm sorry. No, no, no. I just like this discussion. It's totally up to you. I like this discussion. Wherever you want to pause, you feel free.  I just have so much more to talk about. No doubt. OK. I'm sorry. No, no doubt.  OK. OK. I also want to.  Let me let me let me talk a little faster. The judgment for possession is final and enforceable upon entry subject only to the five day redemption period. The rule comes from almost a century of California Supreme Court authority. The Aguilera versus Plummer, Broomcrest versus Halley, Jack versus Shimmer, and codified in 1174. Damages are severable. Appealability is irrelevant. And the question on a 362B22 is whether the landlord has a final enforceable judgment for possession. And here he did. And. Is the word enforceable in there as well? So it has to be final and enforceable. Yeah. It's a final enforceable judgment for possession. And it has to it has to be enforceable. So how is it enforceable if the superior court says it can't that it stayed? Because because because the law says that a judgment is enforceable the minute the possession is entered, unless the writ is granted. And my brief goes into that. Can you just repeat the code section? Okay, it's 1174. And I also. And at that point, there's no. I have only a short period left. So may I just talk about punitive damages a little bit as part of my argument? I'll leave it to you. Yeah. Okay. Punitive damages were unsupported by the record. And. I quoted in Ray Dyer 322 F. 3D 1172 to bankruptcy courts. May I impose serious punitive sanctions absent egregious, malicious or oppressive conduct? The record showed none. Locali relied on Henry Smith. Locali believed the petition was filed after the judgment. The court in itself found Mr. Pose generally forthright. That's not malice as legal mistake. Under in Ray Roman 283 BR 1 9th Circuit. That 2002 punitive damages require reckless or callous disregard. The record doesn't support the file. And last reconsider reconsideration should have been granted. Rule 59E allows reconsideration for clear error. The bankruptcy court overlooked controlling California authority on finality. The textbook definition of clear error under McDonald versus Calderon. Kona Enterprises versus Bishop. Carol versus Nakatani. Correcting the error requires reversal.  Without your honor. I hope I have maybe a minute left. You're a negative 25. Oh, I blew it. Anyway. I thank you very much for at least listening to my argument. This is a. Thank you. Okay. Thank you. Morning, your honor.  John Hayes appearing for the appellee. Bonanca Rodriguez. I brought my own chronology to make sure I could remember it. And. And. A lot of what I was prepared to say didn't come up. I'm not sure that I'm going to have a lot to say, but. I mean, I agree completely that at the moment. When the clerk's stamp filed on that petition, there was an unenforceable judgment. And. They violated the state by proceeding. On an unenforceable. The. Your worthy adversary here suggests that the state court. Lacked the ability to affect finality. When he basically said, well, I'm going to hold off on the. Lockout because I might want to hear an argument about why the default wasn't appropriately taken. I find that an extraordinary answer to what's normally a pretty simple question that it's the judge's order. And the judges are usually allow a lot of discretion to understand, interpret, enforce or not or stay their orders. And if the California legislature told the California state judge can't do that, that's. Not not the obvious answer to me. I don't know if you have any if you have any thoughts about that, by all means. I was going to point out that the. It's in a minute order to stay. It's in a minute order. And what the minute order did was set a hearing on the motion to vacate the judgment. And basically, the next sentence is. And the. Of execution has stayed also. Until that hearing. Or. And the sheriff. Is instructed. The sheriff shall be notified. Not to execute on the. It's right in the same. I mean, one, two paragraph. Minute order. So there's no doubt. That that they some that the judge had looked at the motion to vacate the judgment. And there were some merits based reason to ask. There. Right. Let's set it for a hearing and hearing. I think was about. I was about a week later. And apparently it was some possibility that they could have been thrown out. Within the within that week. Since the writ had been issued. A couple of weeks before that. That the writ was outstanding. It was at the sheriff's office. We don't want her thrown out until we can. Take a look at this. So, I mean, I agree. And. And all the rest of the issues that were discussed in our brief, at least. If the court wants to affirm. Because on that basis. I agree completely. Well, let me ask you a question. Do we have to add words to Pearl? I mean, if I think the Pearl case from the Ninth Circuit. Basically says that. Under California law. A debtor has no legal equity interest in the remaining property. After issuance of the unlawful detainer judgment. And a writ of possession in state court. Do we have to add to that sentence? After the issue. Of an enforceable. Unlawful detainer judgment. And enforceable writ. Of possession. I don't think so. And Pearl is. I was prepared to discuss Pearl. I did a moat. Moat court last week. And we talked about Pearl a lot. I went back and studied it. And Judge Clarkson, you know, basically ignored it. I mean, he just put it in a footnote. That it didn't apply. And I think he's right about that. Because of the circumstances of Pearl. The foreclosure aspects. Yes. Well, and others, actually.  Mr. Rossman's brief. The appellant. The landlord's brief. Said nothing about Pearl. Even in the reply brief. But the thing about Pearl is. It was a foreclosure sale. It started with a foreclosure sale. And I'm sure. That the ninth circuit. I'm sure they were thinking. How in the world can there be any rights. Of a debtor to remain in possession. On the petition date. After a foreclosure sale. How could there be any possible thing. For a trustee to do. With respect to the property. Or the debtor. With respect to the property. How. Anyway. I think that. I really think that they. They sort of left it at that.  I think. I don't want to. Waste too much time. I read Pearl too. And I was reminded that. There were. You know. Other legal issues. Percolating about the sale.  And. Judge Basin commented on that. Judge Rawlinson. For the ninth circuit. Commented that Basin commented on it. And then ignored it. So. I mean. One way to read Pearl is. Whatever else your rights are. Possessory. You're out. And we're just going to think of. Possessory differently. And. If you have other rights. You may have damages in a year or two. Fine. But for now. The possessor interest is cut off. You know. I would even add to that. That Judge Basin. Called it equitable. Right. Yeah. Possession. Yeah. And I think they were saying.  There's no such thing as equitable. Right. Possession. That's not a property asset. Yeah. That's protected by the automatic state. Well. Let's look at. The. B.  Exception. A little bit. You know. B. 22. Talks about. 362. B. 22. Talks about. A judgment for possession. Okay. If. Before the date of the filing. Of the petition. A judgment. Of possession. For such property. Against the debtor. If you have a judgment. Of possession. Then the stay. There's an exception. To the stay. Okay. Do we have to add their. Words. Because there was a judgment. Of possession. At one point. It may not be enforceable. Because of the state. Do we have to add. Words to. 362. B. 22. To say. A. And. Enforceable. Judgment. For possession. Are we changing. The statute. I don't think. You have to add. A word that says. Enforceable. But I. I do think. We're adding. A word that says. Final. Okay. I think that. I guess. The Nicholson case. I think I'm looking. At that. The court. Says that. Of course. That have reviewed. This issue. Mean. A final. Comma. Non appealable. Judgment. So you're saying. We don't have. A final. Judgment. We don't. Under California law. I mean. It's final. For enforceability. Any judgment. Is final. For enforceability. Absolute. Stay. Yes. Yeah. Yeah. Judgment for money. It's enforceable. Immediately. Unless there's some. Stay. And. California law. Says. It's. C. C. P. 104. Nine. It says that. The action. Is. Pending. Until. All the appellate. Periods. Run. So the action. Doesn't end. Until. The appellate. Period. Ends. And. That. Comes up. A ton. In. Preclusion. Cases. If. Someone. Wanted. To appeal. The judgment. Possession. Here. With the.         Stay. In place. They'd have to wait till. The superior court had their. Subsequent hearing correct. I mean. Yes. So is. Is that. How you define final that it wasn't a final judgment. Because. You couldn't execute on it right now. You couldn't do something until there was another hearing. And. We shouldn't appeal it until we have that other hearing. You know. I'm not positive. I understand that. But. The word final. Is a little bit weird. Because. You can. Execute immediately. On the judgment. It's final for that purpose. Right. But California. Said for preclusion. Purposes. Especially. The subsequent court. The bankruptcy court. Can't. Use the judgment. For preclusion purposes. Until it's final. Right. So. The general. I mean. The way I've always thought of it. Is the general idea. Is. Is that a judgment. Is not final. Until the. Appeal.  Runs. And. That's different. If you're talking about enforceability. You know. It is final. For enforceability. It's not final. Under California law. Until the appeal. Period. Runs. Well. But. With the appeal. Period. Even run. If the court says. I haven't made. No. My final decision. I want. I want to. Look at this again. So. I have an issue. I haven't told you. Whether you can. Repossess the property. Or not. I said it once. But now. I want to look at it again. So. At that point. For somebody. To appeal. Wouldn't. They've had to wait. Till that. For that second. I agree. Yes. And. Not to. Guiltily. Here. But especially. If the argument was. Hey. Wait a minute. This was a default. You know. I ought to be hurt. That's. You know. Better than many. That's very. Sympathetic. To a judge. Even if you ultimately determine.  I'm sorry. I can't rule for you. I mean. Moving on. The merits is. I agree. Completely. Yeah. Yeah. I did want to comment. I want to make sure. I don't forget. As Mr. Rothman. Said in his brief. And he. And he just commented. Again. That the writ of mandate. That the debtor. She. You know. She did all this stuff. On her own. She found me long. After. All of this. Happened. But. She filed. A writ of mandate. And that was denied. The same day. But it was denied. Without prejudice. And. There's no doubt. In my. It says. Right on there. That it's denied. Without prejudice. And then. There's no doubt. In my mind. That that was. Because. She filed the motion. To vacate the judgment. On the same day. The court of appeals. Said. Well. Let's see. I mean. Basically. What we've been talking about. Let's see what happens. Whether the judge decides to. Redo this or not. Then we'll consider. So. The debtor's right to appeal. There's. There's no doubt. That it existed. On the petition day. Actually. I hadn't thought of that. But actually. She couldn't have appealed. The same day. That. She filed the bankruptcy petition. Because at that point. It wasn't final.  It. I mean. I don't. I don't know. If you have to say. Well. It wasn't even a final judgment. Just because. There was a stay. But it certainly. Wasn't final. For purposes of appeal. In the court of appeals. And said. Well. We have to say. What the judge is going to say. And all of that. Is as of the moment. Of the. Yeah. I mean. That goes back to the stay. Was on the merits. For lack of a better word. As opposed to just. We don't want you to have to move out. On Christmas Eve. Yes. Those are two different things.  I. I'm going to finish up. But I wanted to make one more comment. On. Pearl. I've got a question for you. About some damages. If that's okay. Oh. Sure. I don't think this came up. But I was kind of. I was. Somewhat. Struck by the fact. That. One way to look at the measure. Of emotional distress. Damages. Was really through the lens. Of the kids. Which I know. Was very sympathetic. But they're not debtors. And. I was struggling to see. How. Judge Clarkson. Was really. If there were findings. That would really. Tile that. Back to the debtor. No. I know she's the mom. And she could be affected. By. What she observes. In the kids. But it struck me. That that was. I wasn't really. Getting the findings. Through there. And if the measure is. What would. One year's tuition. At this level. Of university. That kind of sounds like. It's more kids centric. Than. Mom centric. Now. Nobody's raised it. And I don't know. If we're going to do anything. With it. But did you have any. Any reaction to that. I thought it was creative. When I was reading it. No. No doubt. I did. I did. Think to my. I remember thinking. How. How would I. But if the measure of this. Is the harm to the child. Child's not the debtor. So is that a problem here. Or do you think. There's. Is there something in the record. That suggests. He really sifted that through. And said. The mother observing. This was. Emotionally harmed. And I don't remember. But he might have. Commented. That it was emotional. Emotion. I think he did. I think he did. Yeah. Yeah. I'm just worried about. Who's what he was measuring. Now. I've looked at the record. And I didn't see. That specific. Objection made. Is it. Is that correct. No party. I don't think it was. Right. I thought. That there was almost. No argument. From the landlord. About it. About the emotional distress. Okay. Okay. Well. Then. Then you answer my question. And especially the punitive damages. I mean. All the cases. I mean.  The landlord. Seemed to be arguing. That the court. Doesn't have the power. To grant punitive. Damages. But anyway. Okay. I'll.  Leave it at that. You. You said. You were going to make. Another point. About parole. Or do you. Not want to do.  Let me. That. Relief. From forfeiture. But. The thing. About parole. Is. That there. Ain't no word. In there. About 362. B22. And. They reverse the bat. Parole. Reverse the bat. Which you did. Talk about. B22. There wasn't. A word. In. The parole. Case. About final. Is this order. Final. I mean. They use that word. Final. And. Again. It is final. For enforcement. Purposes. But. Not. Not. Under California. Laws. At final. There's. Also. No discussion. About. Forfeiture. The debtors. Right. To ask. For relief. From forfeiture. You know. I looked. 362. L. Is the section. That says. The debtor. That's the protective section. Yeah. If the debtor does this. And this. And this. I didn't realize. What it says. Is if the debtor. Does this. And this. And this. B22. Doesn't apply. You know. And I. I think that the court. That Congress. Was considering. Uh. When they said. Judgment. That it. It really wasn't. The absolute. And. Uh. Uh. Just because. There's a piece of paper. That says. Judgment on it. Uh. Doesn't mean. That there's absolutely. Nothing for the bankruptcy court. To do. Nothing for the court. To consider. Or look at. Uh. Uh. And. And certainly. Pearl didn't do any of that. You're over your time too.  Thank you. All right. Thank you so much. Okay. Um. Thank you for your good arguments. The matter submitted. We'll get you a decision. As soon as we can. Thank you. Okay. Thank you. This is really interesting.  You've. You've. Done us a lot of good today. Thank you. Okay. Thank you. Of course. Beat me up over this. Should we go back and watch the video? Okay. Thank you. Nice to see both of you.
judges: Lafferty, Corbit, and Niemann